IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


FIFTH THIRD BANK                          )
                                          )
v.                                        ) NO. 3-10-0034
                                          ) JUDGE CAMPBELL
WINDHAVEN SHORES, INC., et al.            )


ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 28), to
which no opposition has been filed.

Defendant Robert Phillips, Sr., who is a Guarantor on the debt at issue herein, has filed a
Suggestion of Bankruptcy (Docket No. 32), indicating that he has filed a voluntary Chapter 7
petition with the U.S. Bankruptcy Court, Middle District of Tennessee.  The Plaintiff and other
Defendants have filed briefs in which they agree that the Court may proceed against all parties
except Mr. Phillips in this action.  Docket Nos. 34 and 35.  *See Lynch v. Johns-Manville Sales Corp.,*
710 F.2d 1194, 1196 (6th Cir. 1983) (universally acknowledged that automatic stay of proceedings
by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a
similar legal or factual nexus to the debtor).

This case arises out of a loan from Plaintiff Fifth Third Bank to Defendants Windhaven
Shores, Inc, and Jerry D. Butler ("Borrowers"), which was guaranteed by Defendants Robert
Phillips, Phillip Saindon, Bonnie Saindon, Ralph Stevens, Jack Williams and Francis Williams
("Guarantors").   Under the central loan document, the Note, Fifth Third extended credit to
Borrowers in the original principal amount of $1,939,999.00.  Borrowers agreed to pay all attorney

fees, costs and expenses incurred to collect the indebtedness in the event the indebtedness was not repaid in accordance with the terms and conditions of the Note.

It is undisputed that the Note matured on June 30, 2009, and neither Borrowers nor Guarantors have repaid the debt. Plaintiff has filed an Affidavit indicating that, as of September 27, 2010, the total indebtedness of Borrowers/Guarantors was $2,013,925.85, plus Plaintiff's collection costs. Docket No. 28-1, ¶ 12. In addition, interest is accruing on the principal deficiency at a default rate of $1,255.73971 per day. *Id.*, ¶ 11. As indicated, Defendants have filed no opposition to this Motion and have filed no Response to Plaintiff's Statement of Material Facts (Docket No. 29).

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably

find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## DISCUSSION

Plaintiff has established that there are no genuine issues of material fact which would preclude summary judgment in its favor herein. Defendants do not dispute that they owe this indebtedness.

Accordingly, Plaintiff's Motion for Summary Judgment (Docket No. 28) is GRANTED, and judgment is entered against all Defendants except Defendant Phillips in the amount of $2,013,925.85, plus interest accruing at the rate of $1,255.73971 per day from September 27, 2010, until the date of this Order.

The request for attorneys' fees is DENIED without prejudice to being re-filed in accordance with Rule 54.01(b) of the Local Rules of Court.

The bench trial set for May 10, 2011, and the pretrial conference set for May 2, 2011, are canceled. Any other pending motions are denied as moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE