IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELAY CAPITAL PARTNERS 1, LLC as successor by assignment to FIFTH THIRD BANK, | )<br>)<br>) NO. 3:10-cv-00034<br>) |
| Plaintiff, | ) JUDGE CAMPBELL |
| v. | ) MAGISTRATE JUDGE HOLMES<br>) |
| WINDHAVEN SHORES, INC., et al., | )<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Pending before the Court is a Motion to Extend Judgment for Additional Ten Years Pursuant to Fed. R. Civ. P. 69(A)(1) and Tenn. R. Civ. P. 69.04 filed by Plaintiff Belay Capital Partners 1, LLC ("Belay Capital"), as successor by assignment to Fifth Third Bank. (Doc. No. 46). The Motion sought to extent the judgment as to Defendants Windhaven Shores, Inc., the Estate of Phillip C. Saindon, Jr., Bonnie K. Saindon, the Estate of Ralph D. Stevens, the Estate of Jack E. Williams, and Francis E. Williams ("Defendants"). (*Id*.). Plaintiff has since withdrawn the motion as to the Estate of Phillip C. Saindon, Jr., and Bonnie K. Saindon. (Doc. No. 54).

Francis Williams, on behalf of herself and as next of kin for Jack Williams, and Irene Stevens, as next of kin to Ralph Stevens filed a response in opposition to extending the judgment and a suggestion of death of Jack Williams and Ralph Stevens. (Doc. No. 49). Belay Capital filed a Reply (Doc. No. 50). With leave of Court, Ms. Williams and Ms. Stevens filed a Sur-Response (Doc. No. 57) and Belay Capital filed a Sur-Reply (Doc. No. 58).

For the reasons stated herein, the Motion to Extend Judgment for an Additional Ten Years (Doc. No. 46) will be GRANTED.

## I. BACKGROUND

On April 21, 2021, this Court entered Judgment in favor of Fifth Third Bank against Windhaven Shores, Inc., Jerry D. Butler,[1] Phillip C. Saindon, Jr., Bonnie K. Saindon, Ralph D. Stevens, Jack Williams, and Francis E. Williams, jointly and severally, in the total amount of Two Million One Hundred Eleven Thousand Nine Hundred Seventy Seven and 72/100 ($2,111,977.72) (the "Judgment"). (Doc. Nos. 40, 41). On March 14, 2014, Fifth Third Bank assigned the Judgment to Belay Capital.[2]

Belay Capital states that the Judgment in this case remains unsatisfied and requests the Judgment be extended for an additional ten years under Tenn. R. Civ. P. 69.04.

## II. ANALYSIS

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that with regard to judgments "the procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). "Because there is no specific federal statute of limitations on how long [a federal] judgment is effective, courts

---

[1] Belay Capital executed a Partial Release of Judgment Lien releasing Jerry D. Butler from Judgment in this case. *See* Doc. No. 46-3.

[2] *See* Recorded Abstract of Judgment (Doc. No. 46-1 (June 27, 2011)); and Recorded Assignment of Judgment (Doc. No. 46-2 (May 20, 2014)).

look to state law." *Gibson Guitar Corp. v. Tokai Gakki Co.*, No. 3:04-cv-0449, 2019 WL 6332170, at *1 (M.D. Tenn. February 27, 2019).

In Tennessee, judgments last for ten years, but may be extended upon motion of the judgment creditor. Tennessee Rule of Civil Procedure 69.04 provides:

> Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years. A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor. If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court. If a response is filed within thirty days of the filing date of the motion, the burden is on the judgment debtor to show why the judgment should not be extended for an additional ten years. The same procedure can be repeated within any additional ten-year period.

Tenn. R. Civ. P. 69.04.

Belay Capital served a copy of the Motion to Extend Judgment on the Defendants. (*See* Certificate of Service, Doc. No. 46 at 6). As stated above, Belay Capital does not seek to extend the Judgment as to Jerry D. Butler, Bonnie D. Saindon, or the Estate of Phillip Saindon, Jr. (*See* Doc. No. 46 at 2, n. 1 (Jerry D. Butler was released from the Judgment); Doc. No. 54 (withdrawing motion to extend judgment as to Bonnie D. Saindon and the Estate of Phillip Saindon, Jr.)). Accordingly, the Court need only consider whether the judgment should be extended as to the remaining Defendants – Windhaven Shores, Inc., Ralph D. Stevens, Jack E. Williams, and Francis E. Williams.

Francis Williams, on behalf of herself and as next of kin for Jack Williams, and Irene Stevens, as next of kin to Ralph Stevens filed a response in opposition to extending the judgment and a suggestion of death of Jack Williams and Ralph Stevens. (Doc. No. 49). Williams and

3

Stevens (hereinafter "Respondents") argue that the judgment should not be extended because the motion to extend the judgment is untimely. In addition, Respondents state that Jack Williams and Ralph Stevens have died, and argue that the Judgment was extinguished subsequent to their deaths.[3] The Court considers these arguments, bearing in mind that the burden to show why the judgment should not be extended is on the judgment debtors.

**A. Timeliness**

Respondents argue that the Motion to Extend Judgment is untimely because the date of the judgment was not April 21, 2011, when the Court entered final judgment, but November 22, 2010, when the Court granted summary judgment. Belay Capital contends April 21, 2011, is the correct date and that its motion, which was filed on March 18, 2021, is timely.

The course of events preceding entry of final judgment on April 21, 2011, is as follows. On November 22, 2010, the Court Granted Plaintiff Fifth Third Bank's Motion for Summary Judgment. (Doc. No. 36). The Court ordered:

> Plaintiff has established that there are no genuine issues of material fact which would preclude summary judgment in its favor herein. Defendants do not dispute that they owe this indebtedness.
>
> Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 28) is GRANTED, and judgment is entered against all Defendants except Defendant Phillips in the amount of $2,013,925.85, plus interest accruing at the rate of $1,255.73971 per day from September 27, 2010, until the date of this Order.
>
> The request for attorneys' fees is DENIED without prejudice to being re-filed in accordance with Rule 54.01(b) of the Local Rules of Court.

---

[3] Respondents provided death certificates for Jack Williams and Ralph Stevens. (*See* Doc. Nos. 49 at PageID# 335-336).

> The bench trial set for May 10, 2011, and the pretrial conference set for
> May 2, 2011, are canceled. Any other pending motions are denied as moot.
>
> IT IS SO ORDERED.

(Doc. No. 36 at 3).

Plaintiff Fifth Third Bank thereafter moved for attorneys' fees and expenses (Doc. No. 38), to alter or amend the judgment to add attorneys' fees, and for entry of final judgment (Doc. No. 39). On April 21, 2011, the Court Granted Plaintiff's motion for attorneys' fees and expenses and amended the judgment to add $27,730.45 in fees and expenses. (Doc. No. 40). In addition, specifically finding that there was "no just reason for delay," the Court directed final judgment be entered for Plaintiff as to all Defendants except Robert W. Phillips, Sr. (*Id*.). That same day, the Clerk entered Judgment for purposes of Fed. R. Civ. P. 58(a) and/or 79(a) as to all Defendants except for Robert Phillips Sr. (Doc. No. 41). On June 7, 2011, Plaintiff moved to dismiss the claims against Robert Phillips Sr. (Doc. No. 42). Pursuant to this motion, the Court dismissed Mr. Phillips without prejudice and directed the Clerk to close the file. (Doc. No. 43).

The Parties agree that the "judgment" for purposes of Rule 69.04 of the Tennessee Rules of Civil Procedure, is a final appealable order. This understanding comports with both the Tennessee Rule of Civil Procedure 54.01, which defines a "judgment" to include "any decree and any order from which an appeal lies," and Federal Rule of Civil Procedure 54, which includes "a decree and any order from which an appeal lies."

The Federal Rules of Civil Procedure further provide that when an action has more than one claim, or, as is the case here, multiple parties, "the court may direct the entry of a final

judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id*.

Finally, with regard to the form of the judgment, the Rules require that, subject to exceptions not applicable here, "[e]very judgment and amended judgment must be set out in a separate document." "To satisfy the separate document requirement, a judgment must, generally speaking, be a self-contained document, saying who has won and what relief has been awarded, but omitting the reason for the disposition, which should appear in the court's opinion." *Manookian v. Flippin*, No. 20-5979, 2021 WL 688841, at *2 (6th Cir. Jan. 5, 2021) (quoting *Local Union No. 1992 of Int'l Bhd. Of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004)); *see also*, 12 Moore's Federal Practice, § 58.05[4](a) (3d ed. 2000). Further, to comply with the requirements of Rule 58, "the separate judgment should be as minimal as possible" because "minimal judgments make clear when the time to appeal is at hand." *Id*. (quoting *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 245 (3d Cir. 2006)) and *Okonite Co.*, 358 F.3d at 284). Further, Rule 58 "should be interpreted to prevent the loss of the right of appeal, not to facilitate loss." *Id*. (citing *Banker Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978)).

The Court's November 22, 2010 Order is not a final appealable judgment because it did not dispose of the rights and liabilities of all parties in the case – the claims against Robert W. Phillips, Sr., who had filed for bankruptcy, remained unresolved. Accordingly, regardless of

6

the outstanding issue of attorneys' fees and expenses, the Court's November 22, 2010 Order on summary judgment did not entirely resolve the case and was not a final appealable order. It was not until April 21, 2011, when the Court expressly found no cause for delay in entering final judgment and directed the Clerk to enter final judgment, that judgment was final and appealable for purposes of Fed. R. Civ. P. 58. Accordingly, Belay Capital's Motion to Extend Judgment, which was filed on March 18, 2021, is timely.

The case cited by Respondents, *Ball v. McDowell*, 288 S.W.3d 833 (Tenn. 2009), is inapposite. *Ball* involved a curious situation in which the trial court entered two separate orders of final judgment less than two weeks apart. *Ball*, 288 S.W.3d at 385. The second final judgment was identical in substance to the first except that it included the signature of counsel for the defendants. *Id*. at 837. The *Ball* court held that the first final judgment was final appealable order and that the second final judgment, which did not affect the substantive rights of the parties, did not restart the time to appeal. *Id*. at 838.

As discussed above, the Court's November 22, 2010 Order was not an appealable judgment because it did not dispose of all of the claims against all of the parties. Therefore, in this case, the November 22, 2010 Order and the April 21, 2011 Order are not competing final judgments. Only the April 21, 2011 Order is a final judgment and the time to extend the judgment runs from that date. The Motion to Extend is, therefore, timely. Respondents' objection to extending the judgment on grounds of untimeliness is without merit.

## B. Extinguished by Death

Respondents assert that the judgments as to Jack Williams and Ralph Stevens expired subsequent to their death and are "extinguished." (Doc. No. 49 at 2). Belay Capital argues that

7

Case 3:10-cv-00034 Document 59 Filed 04/26/22 Page 7 of 9 PageID #: 453

the fact of Mr. Williams and Mr. Stevens passing does not extinguish the judgment against them, noting that Tennessee law provides that a "judgment or decree may be revived by or against the heirs of a deceased plaintiff or defendant." Tenn. Code Ann. § 25-4-104.

Respondents next argue that they have complied with Federal Rule of Civil Procedure 25 and that the "causes of action were abated by their death." The cited Rule applies to substitution of parties in an ongoing action, and is inapplicable to issues surrounding enforcement of the judgment.

Respondents also cite Tennessee statutes related to the continuity of actions pending at the time of a person's death and certain aspects of estate administration. (*See* Doc. No. 57 at 2 (citing Tenn. Code Ann. §§ 30-2-320, 30-2-306, 30-20-307)). These provisions are not relevant to the issue now before the Court – whether the judgment should be extended. This case is no longer "pending" and was not pending at the time of the deaths of Williams and Stevens. The Tennessee law regarding continuity of pending actions is, therefore, inapplicable. Issues of estate administration may be addressed by the probate court in the relevant jurisdiction.

Accordingly, the Court finds that the deaths of Ralph Stevens and Jack Williams are not cause to deny Belay Capital's Motion to Extend the Judgment.

### III. CONCLUSION

Respondents Frances Williams, for herself and as next of kin of Defendant Jack Williams, and Irene Stevens, as next of kin to Defendant Ralph Stevens, have failed to show that the judgment should not be extended for an additional ten years. Accordingly, the Judgment in this case is hereby extended against Frances Williams, Jack Williams, and Ralph Stevens for an additional ten years from the date of final judgment.

The remaining Defendant against which Belay Capital seeks to extend the judgment is Windhaven Shores, Inc. Windhaven Shores, Inc. has not responded to the Motion. Accordingly, the Judgment in this case is also extended against Windhaven Shores, Inc. for an additional ten years.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

9

Case 3:10-cv-00034   Document 59   Filed 04/26/22   Page 9 of 9 PageID #: 455