IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BELAY CAPITAL PARTNERS 1, LLC ) | |
| as successor by assignment to FIFTH ) | Case No. 3:10-cv-00034 |
| THIRD BANK ) | Judge Campbell |
| ) | Magistrate Judge Holmes |
| v. ) | |
| ) | |
| WINDHAVEN SHORES, INC. *et al.* ) | |

TO:  Honorable William J. Campbell, Jr., United States District Judge

REPORT AND RECOMMENDATION

Pending before the Court is defendant/judgment debtor Frances E. Williams's motion to quash garnishment/execution (Docket No. 63) to which no response has been timely filed. This matter was referred to the undersigned for disposition. (Docket No. 64.)

Because this is a post-judgment motion, the magistrate judge's jurisdiction is limited to a report and recommendation. 28 U.S.C. § 636(b)(1)(b); *see also Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). For the reasons discussed below, the undersigned respectfully recommends that the motion to quash (Docket No. 63) be GRANTED.

### I. BACKGROUND[1]

On April 21, 2011, this Court entered judgment in favor of Fifth Third Bank against several defendants, including Williams. (Docket No. 41.) The judgment was entered jointly and severally in the total amount of $2,111,977.72. (Docket No. 46-1.) On March 14, 2014, Fifth Third Bank assigned the judgment to Belay Capital Partners 1, LLC. (Docket No. 46-2.) On April 26, 2022,

---

[1] Familiarity with this case is presumed and the background is only recited in detail here as needed to explain or give context to this report and recommendation.

1

this Court entered an order extending the judgment against Williams and several other defendants for an additional ten years from the date of the final judgment. (Docket No. 59.)

On September 20, 2023 Belay Capital filed an application for writ of execution to be issued to garnishee Regions Bank to satisfy Belay Capital's judgment against Williams. (Docket No. 60.) On that same day, the Clerk issued a writ of execution to Regions Bank for "[a]ny and all account, cash, monies, or other property" of Williams that were in the possession of Regions Bank. (Docket No. 61.) On October 6, 2023, the Clerk's office received Regions Bank's answer to the writ of execution, wherein Regions stated that, at the time that it answered the garnishment, it had in its possession checking accounts belonging to Williams that totaled $268,997.74. (Docket No. 62.) Regions Bank also stated that Williams's daughter, Sonya Williams, had possession or control of property, debts, or effects belonging to Williams, which Regions Banks described as checking accounts. (*Id.*)

In response to the writ of execution, Williams filed the instant motion to quash on October 10, 2023. (Docket No. 63.) In the motion, Williams contends that all funds in her Regions Bank checking account are the "result of social security payments" and are exempt from execution or garnishment pursuant to 42 U.S.C. § 407 and Tenn. Code Ann. § 26-2-111. (*Id.* at 2.) In support of her motion, Williams filed an affidavit wherein she states that "the only source of the funds levied upon at Regions Bank from Account No. [redacted] 7113 are Social Security benefits as shown on Exhibit A, attached hereto and incorporated herein." (Docket No. 63-1.) She also attached statements dated from May 18, 2018 to February 14, 2023 that show that the Social Security Administration deposited amounts ranging from $775.00 to $1,448.50 on a monthly basis into Williams's Regions Bank checking account. (*Id.* at 3–128.) Only one statement indicates that

Williams received money from a source other than the Social Security Administration – on March 24, 2021, she received $1,400.00 from the Internal Revenue Service. (*Id.* at 47.)

## II. LAW AND ANALYSIS

As an initial matter, the motion should be granted because Plaintiff Belay Capital Partners 1, LLC, as successor by assignment to Fifth Third Bank, failed to respond to Williams's pending motion to quash within fourteen days, or by no later than October 24, 2023. Accordingly, by operation of Local Rule 7.01(a)(3), Williams's motion to quash is deemed unopposed. Local Rule 7.01(a)(3) ("If a timely response is not filed, the motion shall be deemed to be unopposed."). Because Plaintiff failed to timely respond, a grant of Williams's motion is warranted.

However, the motion is not only meritorious on procedural grounds, but also on substantive grounds. A motion to quash is "[a] party's request that the court nullify process or an act instituted by the other party." *Massey v. Casals*, No. W2011–02350–COA–R3–JV, 2012 WL 6697594, at *1 n.1 (Tenn. Ct. App. Dec. 26, 2012) (citing Black's Law Dictionary (9th ed. 2009)) (granting motion to quash writ of garnishment). "An order quashing or dismissing a garnishment proceeding, or dissolving the garnishment, 'destroys the right secured by the garnishment' and 'releases the property garnished.'" *Id.* at *3 (quoting 38 C.J.S. Garnishment § 373).

Williams correctly argues that social security funds received by a beneficiary and deposited in a bank account are exempt from execution or garnishment pursuant to 42 U.S.C. § 407. *See Bennett v. Arkansas*, 485 U.S. 395, 397–98 (1988); *Philpott v. Essex Cnty. Welfare Bd.*, 409 U.S. 413, 416 (1973). Such funds are exempt even if they are commingled with other funds, so long as they are reasonably traceable to social security income. *U.S. v. Wilson*, No. 07-11260, 2008 WL 2510183, at *3 (E.D. Mich. Jun. 23, 2008) (citing *NCNB Fin. Servs., Inc., v. Shumate*, 829 F.Supp. 178, 180 (W.D. Va. 1993); *S & S Diversified Servs., L.L.C. v. Taylor*, 897 F.Supp. 549, 552 (D.

Wyo. 1995)). Similar to the federal statute, Tennessee statute exempts from execution, seizure, or attachment certain property that is "in the hands or possession of any person who is a bona fide citizen permanently residing in this state," and specifically includes "social security benefits." Tenn. Code Ann. § 26-2-111(1)(A).

The Court finds that Williams has provided sufficient documentation to demonstrate that the funds within the garnished Regions Bank account are reasonably traceable to social security income and are, therefore, exempt from execution. Williams's sworn statement in her affidavit that "the only source of the funds levied upon at Regions Bank from Account No. [redacted] 7113 are Social Security benefits" is uncontroverted. (Docket No. 63-1.) Further, the bank account statements that she referenced in and attached to her affidavit show that the funds within the garnished account were deposited by the Social Security Administration, save for one deposit from the Internal Revenue Service. Regardless of that one additional deposit, funds from social security benefits are exempt even when commingled with other funds. *Wilson*, 2008 WL 2510183 at *3.

Based on the foregoing, the Court finds sound bases for Williams's motion to quash. Accordingly, the funds within the Regions Bank account ending in 7113 are exempt from execution pursuant to federal and Tennessee law. 42 U.S.C. § 407; Tenn. Code Ann. § 26-2-111(1)(A). Because the funds are exempt from execution, the funds shall be immediately released to Williams – and not returned to Regions Bank – pursuant to Tennessee statute. Tenn. Code Ann. § 26-2-408 ("When property has been determined to be exempt by agreement or by judicial determination, the property shall be immediately released to the judgment debtor."); *see also Massey v. Cassals*, No. W2011–02350–COA–R3–JV, 2012 WL 6697594, at *3 (Tenn. Ct. App. Dec. 26, 2012).

## III. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that:

1. Defendant/judgment debtor Frances E. Williams's motion to quash garnishment/execution (Docket No. 63) be GRANTED;

2. The writ of execution directed to Regions Bank (Docket No. 61) be QUASHED and DISSOLVED;

3. The funds being held by the Clerk of Court on behalf of Regions Bank in the amount of $268,997.74 be RELEASED to defendant/judgment debtor Frances E. Williams and that counsel for defendant/judgment debtor Frances E. Williams coordinate directly with the Clerk of Court regarding the release of the funds; and,

4. In an effort to avoid any further confusion regarding the released funds, the Clerk of Clerk provide to Regions Bank a copy of any final order directing the release of the funds.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge